IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                            No. 2:12-cr-3183 RB

CLIFFORD RAYMOND SALAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Salas's pro se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1). (Doc. 447.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DISMISSED**.

**I.    Background**

On March 11, 2015, a jury found Salas guilty of four charges: (1) conspiracy to commit arson, in violation of 18 U.S.C. § 844(n); (2) malicious damage or destruction of a building by means of fire or explosive, in violation of 18 U.S.C. § 844(i), and aiding and abetting, in violation of 18 U.S.C. § 2; (3) using, carrying, or possessing a destructive device in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) & (B)(ii); and (4) being a felon in possession of an explosive, in violation of 18 U.S.C. §§ 842(i) and 944(a). (*See* Doc. 305.) The Court sentenced Salas to 35 years' imprisonment. (Doc. 340.) On appeal, the Tenth Circuit vacated the sentence pursuant to *Johnson v. United States*, 571 U.S. 591 (2015). *See United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 2773 (2019). The Court later sentenced Salas to 180 months' imprisonment as to Counts 1 and 2 and 120 months as to Count 4 to run concurrently; the Government dismissed Count 3. (*See* also Docs. 418–20; 437.) In March 2024,

the Court denied Salas's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *See Salas v. United States*, No. 12cr1383, 2024 WL 1199589 (D.N.M. Mar. 20, 2024).

Salas's anticipated release date is December 23, 2026. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 24, 2025). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to circumstances he asserts are extraordinary and compelling. (*See* Doc. 447.) Specifically, Salas complains that he has been seriously injured by physical assaults from other inmates. (*See id.* at 2–4.)

**II.    Discussion**

Salas seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Section 603(b) of the First Step Act provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

The Government correctly notes that Salas fails to discuss or demonstrate that he exhausted his administrative remedies before filing his motion with the Court. (*See* Doc. 453 at 7.) Counsel for the Government "confirmed with the Consolidated Legal Center attorney at the South Central Regional Office of the Federal Bureau of Prisons that [Salas] has not exhausted his administrative rights with respect to his compassionate release motion." (*See id.*) Because the Government "has preserved its exhaustion challenge[,]" the Court "must enforce § 3582(c)(1)(A)'s exhaustion requirement . . . ." *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3–4 (10th Cir.

2

Dec. 3, 2021). Accordingly, the Court will dismiss the motion for lack of exhaustion.

**IT IS THEREFORE ORDERED** that the Motion for Compassionate Release (Doc. 447) is **DISMISSED** for failure to exhaust.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE