**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 2:12-cr-3183 RB

CLIFFORD RAYMOND SALAS,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Salas's pro se Motion for Compassionate Release. (Doc. 458.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DISMISSED**.

## I. Background

On March 11, 2015, a jury found Salas guilty of four charges: (1) conspiracy to commit arson, in violation of 18 U.S.C. § 844(n); (2) malicious damage or destruction of a building by means of fire or explosive, in violation of 18 U.S.C. § 844(i), and aiding and abetting, in violation of 18 U.S.C. § 2; (3) using, carrying, or possessing a destructive device in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) & (B)(ii); and (4) being a felon in possession of an explosive, in violation of 18 U.S.C. §§ 842(i) and 944(a). (*See* Doc. 305.) The Court sentenced Salas to 35 years' imprisonment. (Doc. 340.) On appeal, the Tenth Circuit vacated the sentence pursuant to *Johnson v. United States*, 571 U.S. 591 (2015). *See United States v. Salas*, 889 F.3d 681 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 2773 (2019). The Court later sentenced Salas to 180 months' imprisonment as to Counts 1 and 2 and 120 months as to Count 4 to run concurrently; the Government dismissed Count 3. (*See also* Docs. 418–20; 437.)

In March 2024, the Court denied Salas's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *See Salas v. United States*, No. 12cr1383, 2024 WL 1199589 (D.N.M. Mar. 20, 2024). On February 27, 2025, the Court dismissed Salas's Motion for Compassionate Release on the basis that he failed to exhaust his administrative remedies. (*See* Doc. 456.)

Salas's anticipated release date is February 2, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Nov. 3, 2026). He now moves the Court to grant him compassionate release. (*See* Doc. 458.)

**II. Discussion**

18 U.S.C. § 3582(c)(1)(A)(i) permits a sentencing court to grant a motion for compassionate release where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Section 603(b) of the First Step Act provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

The Government correctly notes that Salas fails to discuss or demonstrate that he exhausted his administrative remedies before filing his motion with the Court. (*See* Doc. 462 at 2–3.) Because the Government "has preserved its exhaustion challenge[,]" the Court "must enforce § 3582(c)(1)(A)'s exhaustion requirement . . . ." *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3–4 (10th Cir. Dec. 3, 2021). Accordingly, the Court will dismiss the motion for lack of exhaustion.

**IT IS THEREFORE ORDERED** that the Motion for Compassionate Release (Doc. 458) is **DISMISSED** for failure to exhaust.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE